09-4624-cv
Saqib v. Stein deVisser & Mintz, PC

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of June, two thousand ten.

PRESENT:  REENA RAGGI,
               GERARD E. LYNCH,
               J. CLIFFORD WALLACE,[*]
                     *Circuit Judges*.

-------------------------------------------------------

SHAHAB SAQIB,

         *Plaintiff-Appellant*,

      v.                                                      No. 09-4624-cv

STEIN DEVISSER & MINTZ, PC, CPAs,
JOHN AND JANE DOE,

         *Defendants-Appellees*.

-------------------------------------------------------

APPEARING FOR APPELLANT:      SHAHAB SAQIB, *pro se*, North Bergen, New Jersey.

APPEARING FOR APPELLEES:      MICHAEL A. MIRANDA, Miranda Sambursky Slone Sklarin Verveniotis LLP, Mineola, New York.

Appeal from a judgment of the United States District Court for the Eastern District of

---

[*] Circuit Judge J. Clifford Wallace of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

New York (Nicholas G. Garaufis, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on October 2, 2009, is AFFIRMED.

Pro se plaintiff Shahab Saqib, a Muslim male born in Pakistan, appeals from an award of summary judgment entered in favor of his former employer, Stein deVisser & Mintz, PC, on claims of employment discrimination and retaliatory discharge in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), see 42 U.S.C. § 2000e et seq. We review an award of summary judgment de novo and will affirm only if the record, viewed in the light most favorable to the nonmoving party, reveals no genuine issue of material fact. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Redd v. Wright, 597 F.3d 532, 535-36 (2d Cir. 2010). To defeat summary judgment, however, the non-moving party "'must do more than simply show that there is some metaphysical doubt as to the material facts'" and "'may not rely on conclusory allegations or unsubstantiated speculation.'" Jeffreys v. City of New York, 426 F.3d 549, 554 (2d Cir. 2005) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), and Fujitsu Ltd. v. Fed. Express Corp., 247 F.3d 423, 428 (2d Cir. 2001)). In applying these principles, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Saqib's claims are analyzed under the familiar burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03 (1973). To establish a prima facie case of employment discrimination, the plaintiff must show (1) membership in a protected

2

class, (2) satisfactory job performance, (3) an adverse employment action, and (4) circumstances giving rise to an inference of proscribed discrimination. See id.; Shumway v. United Parcel Serv., Inc., 118 F.3d 60, 63 (2d Cir. 1997). To establish a prima facie case of retaliation, the plaintiff must show (1) his engagement in a protected activity, (2) defendant's awareness of that activity, (3) an adverse action, and (4) a causal connection between the protected activity and the adverse action. See Holtz v. Rockefeller & Co., 258 F.3d 62, 79 (2d Cir. 2001).

Saqib's allegations of discrimination for the most part consist of ordinary workplace interactions, often with no indication of harassment of any kind, and certainly no evidence that they related to his ethnicity or religion. See Jeffreys v. City of New York, 426 F.3d at 554; Meiri v. Dacon, 759 F.2d 989, 998 (2d Cir. 1985). The one incident that has any overtone of animus is insufficient to raise an inference of discrimination. Even if the allegation that a co-worker commented that Saqib "looked like a terrorist" when he wore an overcoat to work in warm weather were construed to evidence some proscribed bias, see 42 U.S.C. § 2000e-2(a), it would be insufficient to state a prima facie discrimination claim, see, e.g., Aulicino v. N.Y. City Dep't of Homeless Servs., 580 F.3d 73, 83 (2d Cir. 2009) ("For racist comments, slurs, and jokes to constitute a hostile work environment . . . there must be more than a few isolated incidents of racial enmity." (internal quotation marks omitted)).

The absence of support for Saqib's hostile work environment claim necessarily precludes him from stating a retaliation claim under Title VII. To demonstrate that a complaint of workplace harassment constitutes protected activity under Title VII, a plaintiff

3

must show that he reasonably believed the conduct at issue was unlawful. See Kessler v. Westchester County Dep't of Soc. Servs., 461 F.3d 199, 210 (2d Cir. 2006) (noting that "protected activity" element of Title VII claim requires "good faith, reasonable belief" that plaintiff is opposing unlawful employment practice (internal quotation marks omitted)). The record fails to support such a belief.

We have considered Saqib's other arguments on appeal and conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

In addition, because Saqib has filed a number of baseless appeals with this court, see Saqib v. Salvatore Albanese & Co., No. 08-0966-cv (2d Cir. June 16, 2008) (order denying leave to proceed in forma pauperis and dismissing appeal because it lacked arguable basis in law or fact); Saqib v. Fed. Bureau of Investigation, No. 07-5251-cv (2d Cir. Feb. 27, 2008) (same), he is hereby placed on notice that if he continues to abuse the judicial process by filing frivolous appeals, the court may enter an injunction directing the Clerk to refuse to accept any further submissions from Saqib unless he first obtains leave of the court to file such papers.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court